IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00052-PAB-NYW

CARLOS RAY MAES,

 Plaintiff,

v.

BLAND, Lieutenant,
ALLUSI, Sergeant,
DENWALT, Captain,
HANSEN, Case Manager,
JOHN DOE, Case Manager 1,
JANE DOE, Nurse 1
JANE DOE, Nurse 2
JOHN DOE/JANE DOE, Doctor,

 Defendants.

## ORDER

  This matter is before the Court on Defendants' Motion to Set Aside Clerk's Entry of Default [Docket No. 30] filed on November 21, 2018. Plaintiff did not file a response. Plaintiff did, however, file a Motion for Default Judgment [Docket No. 32] on November 30, 2018.

  Plaintiff filed this lawsuit against defendants on January 8, 2018 [Docket No. 1] and filed an Amended Prisoner Complaint on August 9, 2018 [Docket No. 11][1] raising claims under the 8th and 14th Amendments. Docket No. 11 at 6, 8, 10. The Colorado Department of Corrections ("DOC") executed a waiver of service on behalf of

---

[1] Defendant Allusi's name is spelled as both "Allusi" and "Alluisi" throughout the record. The Court uses the spelling in plaintiff's Amended Prisoner Complaint [Docket No. 11].

defendants Bland, Denwalt, and Hansen on August 22, 2018.[2]  Docket No. 14.  An answer was due on October 22, 2018, but no answer was filed.

On October 29, 2018, plaintiff moved for entry of default pursuant to Fed. R. Civ. P. 55.  Docket No. 25.  The clerk refused to enter default due to deficiencies in plaintiff's motion.  Docket No. 26.  Plaintiff remedied the deficiencies and filed a second request for entry of default on November 5, 2018.  Docket No. 28.  Default was entered as to defendants Allusi, Bland, Denwalt, and Hansen on November 7, 2018.  Docket No. 29.

Defendants filed a motion to set aside the default as to defendants Bland, Denwalt, and Hansen.  Docket No. 30.  In their motion, defendants claim that their failure to file an answer or otherwise respond was due to a miscommunication between the DOC and the Office of the Attorney General which caused defendants' counsel to be unaware that service had been accepted.  Docket No. 30 at 2, ¶ 6.  Defendants state that counsel learned of the entry of default on November 20 and immediately took action to remedy the error.  *Id.* at 3, ¶ 8.  Defendants argue that good cause exists to set aside the clerk's entry of default.  *Id.*

The Court may set aside an entry of default for good cause.  *See* Fed. R. Civ. P. 55(c).  The good cause standard is a less demanding standard than the excusable neglect standard which must be shown for relief from judgment under Fed. R. Civ. P.

---

[2]The DOC did not waive and accept service as to defendant Allusi, who was no longer a DOC employee at the time of service, or as to the John Doe and Jane Doe defendants, who could not be identified as current DOC employees.  Docket No. 14.  A summons was returned as unexecuted as to defendant Allusi on October 12, 2018. Docket No. 23.

60(b).  *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).  In determining whether to vacate the Clerk's entry of default, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense.  *See Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (unpublished) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).  The Court need not consider each one of these factors and may consider other factors in its discretion.  *Id*.  The Court is guided by the principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment."  *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").  It is, however, within the Court's discretion to balance the judicial preference against default judgments with "considerations of social goals, justice and expediency."  *Gomes*, 420 F.2d at 1366.

With respect to the first factor, whether the default was caused by defendants' culpable conduct, defendants concede that their failure to file a timely answer was the result of a miscommunication between their counsel and the DOC, which accepted service on their behalf.  Docket No. 30 at 4, ¶ 14.  Nevertheless, defendants assert that their conduct was not culpable because the error was unintentional and because they acted quickly to rectify their mistake after becoming aware of the missed deadline and entry of default.  *Id.*  "Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default."  *United States v. Timbers*

*Preserve, Routt Cty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993), *abrogated on other grounds by Degen v. United States*, 517 U.S. 820 (1996). Generally, an unintentional or good faith mistake does not rise to the level of culpable conduct under Rule 55(c), particularly where a party takes prompt action to remedy its error. *See Crapnell v. Dillon Companies, Inc.*, No. 14-cv-01713-KLM, 2015 WL 328524, at *5 (D. Colo. Jan. 23, 2015) (determining that "an unintentional or good faith mistake is not considered culpable conduct for the purposes of Rule 55(c)" and that "a party's prompt motion to set aside an entry of default serves to mitigate any culpability that may exist"); *Zen & Art of Clients Server Computing, Inc. v. Resource Support Assocs., Inc.*, No. 06-cv-00239-REB-MEH, 2006 WL 1883173, at *2 (D. Colo. July 7, 2006) (stating that "courts have consistently held that an honest mistake by the Defendant does not represent a willful failure to respond"). Because there is no reason to doubt defendants' characterization of the events leading to their failure to timely file an answer, the Court finds that defendants' error regarding the acceptance of service and resulting deadlines does not rise to the level of culpable conduct under Rule 55(c).

The second factor also weighs in favor of setting aside the default. Defendants moved to set aside the entry of default one month after the deadline to file an answer and two weeks after the entry of default. Given that the case was still in its early stages, the Court is unable to identify any prejudice that would result if the entry of default is set aside. *See SecurityNational Mortg. Co. v. Head*, No. 13-cv-03020-PAB-BNB, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to

4

require it to prove its case." (internal quotation marks omitted)); *Apex Mobility Transportation, LLC v. First Transit, Inc.*, No. 14-cv-02645-REB-MEH, 2015 WL 59553, at *3 (D. Colo. Jan. 2, 2015) (finding no prejudice because defendant moved to set aside entry of default within two weeks of the entry of default, which had occurred less than a month after the case was initiated). Plaintiff's failure to respond to defendants' motion to set aside the entry of default, beyond filing a motion for default judgment after defendants filed their motion, is further indication that he would not suffer any prejudice should the Court grant such relief.[3] *See Estate of Ortiz v. Lithia Motors, Inc.*, No. 08-cv-00907-PAB-KLM, 2009 WL 1258969, at *2 (D. Colo. May 5, 2009) (finding that factors weighed in favor of setting aside entry of default where plaintiff did not identify any undue prejudice it would suffer if entry of default were vacated).

As to the third factor, defendants claim that they have raised meritorious defenses in their Answer to the Amended Complaint [Docket No. 31]. Docket No. 30 at 7, ¶ 20. In determining whether a defendant has a meritorious defense for purposes of setting aside an entry of default, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).[4]

---

[3]Because plaintiff is proceeding *pro se*, his pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court will not be an advocate for a *pro se* litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4]"The allegations may be satisfactorily presented in the written motion itself, in an appended proposed answer, or in attached affidavits." *In re Stone*, 588 F.2d at 1319-20. Defendants filed a separate answer [Docket No. 31] after filing their motion to set

5

In their answer, defendants assert ten affirmative defenses. Docket No. 31 at 4-5, ¶¶ 1-10. However, their assertions are conclusory and do not include "a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious." *In re Stone*, 588 F.2d at 1319; *see also id.* at 1320 & n.4 (defendant's assertions that plaintiff's allegations were "false," that plaintiff was prohibited from relitigating certain issues under the doctrine of collateral estoppel, and that plaintiff had failed to state a claim upon which relief could be granted constituted "general allegations of . . . meritorious defense" that were insufficient to support defendant's motion for relief from default judgment). Similarly, defendants assert, among other things, that plaintiff failed to state a claim upon which relief could be granted and that plaintiff's claims may be barred by collateral estoppel or by an expired statute of limitations. But these cursory allegations set out neither factual bases nor legal bases sufficient to establish that their defenses could be meritorious. *See id.* at 1319 n.2 (stating that a "legal defense such as collateral estoppel . . . would require sufficient facts to show the nature of the prior action, that it involved the same parties, and that the particular issues determined give rise to a defense of collateral estoppel"). Defendants have not established that they have a meritorious defense to plaintiff's claims.

Nevertheless, the Court need not consider every factor in determining whether to

---

aside the default. Plaintiff, having filed no response to the motion to set aside, does not challenge the method by which defendants assert their defenses. The Court will consider the factual allegations set out in defendants' Answer in determining whether they have established that they have a meritorious defense to plaintiff's claims. [Docket No. 31].

set aside an entry of default. *Hunt*, 1995 WL 523646, at *3; *see also SecurityNational Mortg. Co.*, 2014 WL 4627483, at *3 (finding that, "even if defendants' failure to timely respond was culpable, the other factors weigh[ed] in favor of granting the motion to set aside"); *Edes v. Fredson*, 344 F. Supp. 2d 209, 213 (D. Me. 2004) (setting aside entry of default despite defendant's failure to set forth a meritorious defense). Given that the other factors – culpability and prejudice – weigh in favor of setting aside the entry of default, the Court finds that any doubts in regard to the existence of meritorious defenses should be resolved in defendants' favor. *See Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951) (holding that any doubts regarding entry of default should be resolved in favor of the defendant, particularly because "[m]atters involving large sums should not be determined by default judgments if it can reasonably be avoided"); *J & J Sports Prods., Inc. v. Prado*, 2008 WL 822159, at *2 (E.D. Cal. Mar. 27, 2008) (stating that, in motion to set aside default, "any doubts as to whether Defendants have a meritorious defense are to be resolved in their favor"); *Rasmussen v. Am. Nat'l Red Cross*, 155 F.R.D. 549, 552 (S.D. W. Va. 1994) (setting aside entry of default in light of "general policy of deciding cases on their merits," despite fact that defendant's "meritorious defense" argument was "tenuous").[5]

"Entry of default is a harsh sanction, contrary to the preferred policy of the

---

[5]The Court further notes that "the good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc.*, 115 F.3d at 775 n.6. Many of the cases applying the "meritorious defense" factor, including *In re Stone*, have done so in the context of a Rule 60(b) motion, which requires a greater showing than the one required in this case.

resolution of disputes on the merits." *Mitchell v. Wiley*, No. 06-cv-00547-WYD-BNB, 2007 WL 1548945, at *2 (D. Colo. May 24, 2007). Considering the absence of culpable conduct on the part of defendants, the lack of prejudice to plaintiff, and the strong preference for resolution of cases on their merits, *see In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991), the Court finds good cause to vacate the entry of default as to defendants Bland, Denwalt, and Hansen pursuant to Fed. R. Civ. P. 55(c). Further, the Court finds good cause to vacate the entry of default as to defendant Allusi because there is no indication that he was properly served. *See Kriston v. Peroulis*, No. 09-cv-00909-MSK-MEH, 2010 WL 11553397, at *2 (D. Colo. Oct. 28, 2010) ("[P]rocedural deficiencies such as inadequate service, lack of subject matter jurisdiction, or lack of personal jurisdiction constitute good cause allowing an entry of default to be set aside."); *see also Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008) ("Where service of process is insufficient, the entry of default is void and must be set aside."). It is therefore

    **ORDERED** that defendant's Motion to Set Aside Clerk's Entry of Default [Docket No. 30] is **GRANTED**. It is further

    **ORDERED** that the Clerk's Entry of Default against defendants Allusi, Bland, Denwalt, and Hansen [Docket No. 29] is **VACATED**. It is further

    **ORDERED** that the Answer [Docket No. 31] filed by defendants Bland, Denwalt, and Hansen is accepted for filing as of November 21, 2018. It is further

    **ORDERED** that plaintiff's Motion for Default Judgment [Docket No. 32] is **DENIED AS MOOT**.

DATED September 3, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge